Reza Rezazadeh and Gloria Iris Rezazadeh v. Commissioner.
Rezazadeh v. Commissioner
Docket No. 5509-63.
United States Tax Court
T.C. Memo 1965-78; 1965 Tax Ct. Memo LEXIS 249; 24 T.C.M. (CCH) 426; T.C.M. (RIA) 65078; April 5, 1965
Reza Rezazadeh, pro se, 1125 N. 7th Ave., Platteville, Wis. Ralph A. Anderskow, for the respondent. *250 WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies have been determined by respondent in the income tax of petitioners for the taxable years 1960 and 1961 in the respective amounts of $247.04 and $262.12. The sole issue to be decided is whether petitioners are entitled to deduct from their gross annual income as dependency allowances $600 each for the two minor children of Reza Rezazadeh (hereinafter referred to as petitioner). Findings of Fact We adopt the stipulation of facts entered into by the parties as our findings of fact. Petitioners filed their joint Federal income tax returns for the taxable calendar years 1960 and 1961 with the district director of internal revenue at Indianapolis, Indiana. The notice of deficiency upon which this proceeding is based was mailed to the petitioners on September 12, 1963. The two dependency exemptions claimed by the petitioners on their returns involved herein, and disallowed by the respondent, pertain to petitioner's sons, Farhad and Farzad Rezazadeh (hereinafter referred to as Farhad and Farzad). During the calendar years 1960 and 1961, and for any year relevant and material herein, Shamsi, *251 the petitioner's wife until their 1952 divorce and the mother of Farhad and Farzad, and both Farhad and Farzad since their births in 1948 and 1952, respectively, have been continuously and exclusively citizens of Iran, Asia, and have been physically residing there continuously and exclusively. During 1960 and 1961, Farhad and Farzad physically resided continuously and exclusively with the petitioner's brother, David Rezazadeh, in Teheran, Iran, and attended a local school there on a full-time basis. On or about June 5, 1959, the United States Immigration and Naturalization Service informed the petitioner that the petitioner's non-quota visa petition filed on behalf of Farhad and Farzad was approved and forwarded to the United States Consulate in Iran, at which place Farhad and Farzad would apply, if and when desired, for their United States entrance visas. Nevertheless, neither Farhad nor Farzad became United States citizens or actually entered the United States for any purpose on or before December 31, 1961. In 1953 the petitioner first entered the United States on a student's visa. During 1953 to 1958, he attended the University of Indiana. In 1958 he went to Canada for a short *252 time, and then on September 16, 1958, he re-entered the United States on a visa for permanent immigation. The petitioner became a naturalized United States citizen on November 26, 1962. One of the children, Farzad, attended a school requiring payment of about $25 per year in tuition, which tuition was furnished by petitioner during 1960 and 1961. In addition, petitioner furnished approximately the sum of $500 for each of these years for the support of both children. The cost and standard of living is generally lower in Iran where the children resided during the years at issue than in the United States. Opinion The petitioners seek the allowance of $600 each for the two minor children of Reza under section 151(a) and (e)(1)(B) as his dependents within the meaning of that section and as defined in section 152(a)(1) of the Internal Revenue Code of 1954. We must hold for respondent because of a nearly complete lack of evidence as to essential factors called for by section 152(a) required to established that petitioner's two children are dependents under that section. In order that sons be qualified as dependents it is required that, all other qualifications *253 existing, it be established by competent evidence that the taxpayer furnished more than half the total cost of support for each son for each year in issue. Although we have evidence as to the approximate amount furnished for that purpose for each year, the record is totally devoid of competent evidence as to the total amounts expended for their support in any year. The fact that generally living standards are lower and the cost of living less in Iran than in the United States does not supply the absent proof. We have therefore no basis upon which to determine whether petitioner's two sons were dependents during either year at issue. Because of our holding above we do not reach the question whether petitioner's sons are or are not citizens or residents of the United States within the meaning of section 152(b)(3). For the failure of petitioners to sustain their burden of proof to show error in the respondent's notice of deficiency Decision will be entered for the respondent.